UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OLIVER A. LEE,

        Plaintiff,

                            Case No. 25-cv-106-pp

   v.

MILWAUKEE PUBLIC SCHOOL SYSTEM
and MILWAUKEE PARKS AND RECREATION,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3) AND SCREENING COMPLAINT**

Between January 6, 2025 and February 5, 2025, the plaintiff—who is representing himself—filed three complaints in this district, alleging misuse of government funds, racial discrimination, racketeering and other causes of action: Lee v. HUD Housing, *et al.*, Case No. 25-cv-29; this case, Lee v. Milwaukee Public School System, *et al.*, Case No. 25-cv-106; and Lee v. Milwaukee Park-Rec, Case No. 25-cv-181. In the instant case, the plaintiff alleges that the Milwaukee Public School System, Milwaukee Parks and Recreation and the City of Milwaukee (not listed in the caption as a defendant) have engaged in misappropriation of government funds, wire fraud, corruption and embezzlement in ways that suppress Black and brown children. Dkt. No. 1. This order grants the plaintiff's motion to proceed without prepaying the filing fee (Dkt. No. 3) and screens the complaint.

1

## I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 3)

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). In deciding whether to allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition and must do so truthfully, under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit avers that he is not employed, not married and has no dependents he is responsible for supporting. Dkt. No. 3 at 1. He attests that he receives $1,500 per month from Social Security Disability Insurance. Id. at 2. The plaintiff lists monthly obligations of $1,000 for rent, $175 for health insurance, $291 "Food Stamps,"[1] $175 for what appears to be insurance, $35 for cell phone and $20 for internet. Id. at 2-3. He states that his

---

[1] The court suspects that the plaintiff *receives* $291 in food stamps, rather than having to pay for food stamps. But he may be trying to say that he uses that $291 for food each month.

total monthly expenses total $2,000 (although the expenses he lists add up to only $1,230, assuming the $291 listed as "Food Stamps" is the amount he receives, and spends, in food stamp benefits). Id. at 3. The plaintiff says he does not own a car, a home, a financial or retirement account or any other property of value and he has no cash on hand or in a checking, savings or similar account. Id. at 3-4.

Based on the information in the plaintiff's affidavit, the court concludes that the plaintiff does not have the ability to prepay the filing fee. The court will allow the plaintiff to proceed with the lawsuit without *prepaying* the filing fee. But the court advises the plaintiff that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When the court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without *ever* paying fees.") (emphasis in original)). And if the court allows the plaintiff to proceed without prepaying the filing fee in either of the other two cases that he has filed, he will be responsible for the full fee in each case.

3

## II.    Screening the Complaint

### A.    Legal Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A pleading filed by a self-represented litigant must be "liberally construed" by the court. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. But the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982).

Although courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff is not required to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355

4

U.S. 41, 47 (1957)). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

      B.    <u>The Plaintiff's Allegations</u>

The plaintiff did not use this district's form when preparing his complaint. His four-page, handwritten complaint is, in places, difficult to read. The plaintiff names two defendants in the caption: the Milwaukee Public School System and Milwaukee Parks and Recreation. Dkt. No. 1 at 1. On the first page, the plaintiff writes:

> 1) miss used of federal and state funds to help and improved our youth. and the responce was lets close all YMCA in the City of Milwaukee where Black kid + Brown kids go to, for a safe haven. In sted they used it for personal use I am a father and a tax payer. They are gives to option to resign of criminal charges, to avoid what they have done. This was a blanted attemp to supress the Black community. By taken oppertious away from Black youth, and the development of Black youth in the City of Milwaukee. It has been a grop effort for years 2) to supresd the Black youth, If and when you defend, the supression, of Black Development MPS. Milwaukee, Park Rec. has play a major park /w supression of Black youth. By looking if they were, where is it where, is the money? Black kids and kid of color have been, supressed by missaprotion of funds of Black Milwaukee, That is why they are suffering now. If somebody look at this they will never oundestand, we don't need a beggin hand, we need a fair hand.

<u>Id.</u>

Case 2:25-cv-00106-PP    Filed 07/14/25    Page 5 of 14    Document 5

The next sentence is difficult to read; it says "4) How they DD it to the City of Milwauke, in [illegible] you [illegible] to see it by choice! Point made here." Id. at 2. Although he did not name the City of Milwaukee as a defendant, the plaintiff says on the second page of the complaint that he "charges" the City of Milwaukee

> of wire fraud, conspricery, to committ fraud against the people of Milwauke, in attempt to surpress Black and Brown people, by taken away after schools, witch is only found in Black schools of Milwauke, All of this is and was, plan a [illegible] action by two or more working together for the distruction of the Black High school of Milwauke, This was and is a direct, effort by a group to suppressed, the Advancement of not only Black schools, but the distruction of Dreams, of All Black in our community. By as Follows 1A) to Deprived Black children, the Right to have and Experance the Right to Equal Education to be afford by Law. This is Direct violation, Civil Right that is awaded by Law. Not only was my and my children Civil Right violated, walk on, by Deception, fraud, theif, conspricy, Reacting Act. As we point the finger At Black youth As MPS and Park Rection has for years work together, to surpress, Black youth in the City of Milwauke, by not offering them a Lifline, o Education, And a Better Life A A promise of a Brighter future. You Have continue to take Dreams Away. And the only you offer is Jail Time. Sounds of the Past!!

Id.

In what the plaintiff labels his "Final Charge!," he alleges—without identifying a defendant—"misappropriation of Government Funds Improper payments Theft of Government money for personal gain." Id. at 3. He alleges wire fraud and embezzlement of government funds "Directed to Black Communitys across Milwaukee County." Id. He asks, "How Dose Milwaukee, Have so many closer of schools, apartments, Houses, and you have a waiting List that Last 2-3 years, with no movement, even when people Die?" Id. He alleges "Rackatering Act"—racketeering act—"against the City of Milwaukee, of

6

Civil Rights. We are all equel? Are we?" Id. The plaintiff defines suppression as "the act of keeping something from happening," such as the suppression of "your laughter your smile, your Drive to be Better has been stop by others. That Dont give you a fair chance at Life. Surpresson. Tha's It!" Id. He writes,

The Effects of Suprssion of a Race"
"Facts"

    1) The wide coruption Between HUD, Community Avocate to supress Blacks in Milwaukee community
2) Tampering with All cases Having to Do with Grants, Loans, for Blacks (suppression in a fect.
3) fair Ho[s]ing Act 1964.

Id.

In a section he titles "The Effects on our Youth," the plaintiff mentions the closing of Black schools and activities to promote Black youth, and says that "the only time you see Black faces on TV. It's crime related, in retrospec you fourse us [ ] to watch white football on TV." Id. at 4. He says that the plan is to view Black people as the problem and White people as good, which he calls suppression. Id. He mentions the closing of athletic programs across the city—"no Football, no Baseball, no women athletes, no women track, no women soaftball, no little league baseball." Id. The plaintiff asks "Why," then answers that such activities give "them" the chance to expand their "God Given talents and they have taken it away and giving them jail." Id. He asks, "Where Is the money for these programs for Milwaukee, city schools. Theif of a Life." Id.

The plaintiff does not identify the relief he is requesting, does not explain whether he is suing for a violation of state law or under the court's diversity jurisdiction and does not state whether he is seeking a jury trial.

7

C. <u>Analysis</u>

As best as the court can tell, the plaintiff is frustrated with the lack of opportunities for Black and Brown youth in the city of Milwaukee. It appears that he believes that someone has misused, embezzled or stolen government funds, leaving Black and Brown children in the city without access to adequate educational or athletic experiences.

To state a cognizable claim for relief under the federal notice pleading system, a plaintiff must provide a short and plain statement showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

The complaint does not meet the requirements of Rule 8(a)(2). Although the caption of the complaint names as defendants the Milwaukee Public School System and Milwaukee Parks and Recreation, the body of the complaint does not explain what these entities have done to violation the plaintiff's rights, or to violate the law. The complaint does not say who misused, embezzled or stole the funds, or who conspired to close or closed the YMCAs, schools, houses,

8

apartments or athletic programs. It doesn't explain when these things happened or where they occurred. The plaintiff also appears to want to sue the city of Milwaukee, but he did not name the city as a defendant in the caption of the complaint and he has not explained what the city did to violate his rights or to violate the law. The complaint does not request relief from any of the defendants; it does not ask the court to require the defendants to pay the plaintiff money damages, or ask the court to require the defendants to take any action.

Because the plaintiff did not explain who violated his rights or when or how, the court cannot determine whether it has jurisdiction. Federal courts are courts of limited jurisdiction. The court has an obligation at each stage of the proceedings to ensure that it has subject-matter jurisdiction over the dispute, Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013), and must dismiss a case if the court lacks-subject matter jurisdiction. Federal courts have jurisdiction to consider and decide cases that involve violations of federal laws or the federal Constitution, 28 U.S.C. § 1331, and cases between citizens of different states if the amount of money in dispute is more than $75,000, 28 U.S.C. § 1332.

It appears that the plaintiff may be trying to allege that the defendants violated federal law or the federal Constitution. Perhaps he is trying to allege that the defendants have discriminated against people based on their race or the color of their skin, by denying them the educational, recreational and housing opportunities afforded White people. But for "a plaintiff to get in the

9

federal courthouse door and obtain a judicial determination of what the governing law is, the plaintiff cannot merely be a bystander, but instead must have a 'personal stake' in the dispute." <u>FDA v. Alliance for Hippocratic Medicine</u>, 602 U.S. 367, 379 (2024) (citation omitted). This "personal stake" is called "standing." "Article III standing requires the party invoking federal jurisdiction to demonstrate that (1) the plaintiff has suffered an injury-in-fact, (2) the injury was caused by the defendant, and (3) the injury is redressable by judicial relief. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560–61 (1992). The plaintiff's injury-in-fact must be "concrete, particularized, and actual or imminent." <u>Ewing v. MED-1 Sols., LLC</u>, 24 F.4th 1146, 1150–51 (7th Cir. 2022) (internal citations omitted). Particularized injuries are those that "affect the plaintiff in a personal and individual way." <u>Id.</u>, 504 U.S. at 560 n.1. They must be distinguished from "generalized grievances" that affect the public generally and for which an individual cannot seek relief in federal court. <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 348 (2006).

The plaintiff has not alleged that the defendants did anything to violate *his* rights; he has not described his "personal stake" in the dispute. Instead, the plaintiff appears to make general allegations that someone—perhaps the defendants—has misused and misappropriated funds; such general allegations are insufficient to establish standing. <u>See</u> <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 64 (1997) ("An interest shared generally with the public at large in the proper application of the Constitution and laws will not do."); <u>Lance v. Coffman</u>, 549 U.S. 437, 439 (2007) ("We have consistently held that a

plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."). Federal courts do not "operate as an open forum for citizens 'to press general complaints about the way in which government goes about its business.'" Alliance for Hippocratic Medicine, 602 U.S. at 379 (quoting Allen v. Wright, 468 U.S. 737, 760 (2984)).

The plaintiff says that he is a taxpayer. But to have standing as a municipal taxpayer, a plaintiff "must establish that the municipality has spent tax revenues on [an] allegedly illegal action." Protect Our Parks, Inc. v. Chi. Park District, 971 F.3d 722, 734 (7th Cir. 2020) (citation omitted). The plaintiff must show that he "has 'the requisite financial interest that is, or is threatened to be, injured by' the municipality's illegal conduct." Id. (quoting Doremus v. Bd. of Education, 342 U.S. 429, 435 (1952)). The plaintiff has not made allegations sufficient to show that he has standing as a municipal taxpayer. He has not identified any illegal action on the part of MPS, the Milwaukee Parks or the city of Milwaukee. He alleges only that there are closed schools, activities and housing units, asking where the money went that should have funded those schools, activities and housing units.

To the extent that the plaintiff is trying to allege that the defendants have committed crimes, a private citizen like the plaintiff does not have the authority to bring criminal charges against, or to criminally prosecute, the defendants.

See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Only a prosecutor, acting on behalf of a government entity, may bring a criminal charge. See Maine v. Taylor, 477 U.S. 131, 137 (1986) ("[P]rivate parties . . . have no legally cognizable interest in the prosecutorial decisions of the Federal Government.").

The allegations in the complaint are too vague and general to allow the court to determine whether it has jurisdiction or to show that the plaintiff has standing to sue. Typically courts allow a plaintiff one chance to amend a defective complaint, as long as amendment would not be futile. Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). Because of the general and vague nature of the allegations, the court cannot determine whether allowing the plaintiff to amend his complaint would be futile, so the court will give the plaintiff an opportunity to amend his complaint. If the plaintiff decides to try to amend his complaint, there are several things he should keep in mind.

An amended complaint takes the place of, or "supersedes," the original complaint. Flanner v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004). That means that the plaintiff must include in the amended complaint all the facts supporting his claims; he cannot simply tell the court to go back and look at what he alleged in his original complaint. He must provide the court with enough facts to answer the following questions: (1) Who (what person or persons) violated his rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights? and (4) When did each

12

person violate his rights? He must explain how he, personally, has been damaged by any violations of his rights—how he, himself, has been harmed. If the plaintiff does not know the name of the person who violated his rights, he may use a "John Doe" or a "Jane Doe" placeholder along with a description: "John Doe superintendent of schools," for example. The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing an amended complaint form. The plaintiff must use this form for his amended complaint. He must list the case number for this case—25-cv-106—on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file an amended complaint in time for the court to *receive* it by the end of the day on **August 22, 2025**.

If the court does not *receive* an amended complaint, or a motion asking for additional time to file one, by the end of the day on August 22, 2025, the court will dismiss this case for failure to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 14th day of July, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

14