UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OLIVER A. LEE,

        Plaintiff,

v.

                              Case No. 25-cv-106-pp

MILWAUKEE PUBLIC SCHOOL SYSTEM
and MILWAUKEE PARKS AND RECREATION,

        Defendants.

**ORDER SCREENING AMENDED COMPLAINT AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

      On January 21, 2025, the plaintiff—who is representing himself—filed a complaint alleging that the Milwaukee Public School System, Milwaukee Parks and Recreation and the City of Milwaukee (not listed in the caption) engaged in misappropriation of government funds, wire fraud, corruption and embezzlement in ways that suppress Brown and Black youth in the community. Dkt. No. 1. On July 14, 2025, the court screened the complaint and explained to the plaintiff that his complaint didn't state a claim because it failed to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Dkt. No. 5 at 8. The court explained that the plaintiff had not alleged what the defendant entities did to violate the plaintiff's rights or the law, when the alleged violations happened or where they occurred. Id. The court also explained the concept of standing, and that private citizens do not have the authority to bring criminal charges. Id. at 11.

1

The court gave the plaintiff an opportunity to amend the complaint and warned him that he must allege a personal stake in the dispute, as well as alleging who violated his rights, what they did to violate his rights and when and where the violations occurred. Id. at 12. The court provided the plaintiff with an amended complaint form and told him to list all the defendants in the caption. Id. at 13. The court told the plaintiff to use the spaces on pages two and three of the form to explain the key facts that give rise to the claims that he wishes to bring. Id. The court explained that the amended complaint, which would supersede (take the place of) the original complaint, must be filed in time for the court to receive it by the end of the day on August 22, 2025. Id. at 14.

I. **Federal Screening Standard**

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." Id. (citing Twombly, 550 U.S. at 556). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

## II.  Amended Complaint (Dkt. No. 6)

On August 22, 2025, the court received from the plaintiff several documents; the clerk scanned the pages in the order that they were received. Dkt. No. 6. The first eighteen pages consist of pages from this court's July 14, 2025 order and an order issued in another of the plaintiff's cases before this court, Lee v. HUD Housing Authority et al., Case No. 25-cv-29 (E.D. Wis.).

The plaintiff also included pages from the amended complaint form that he completed, but he did not include the first page—the page that would have contained the case caption and would have identified the defendants the plaintiff wishes to sue. Page 19 of the filing appears to be page 3 of the amended complaint, and contains general allegations about a "plot to steal, misapprote funds that was ment for, housing vouchers, Head Start, high school programs, Milwaukee, Parks, Recreations." Id. at 19. On this page, the plaintiff says that individuals misused government funds, engaged in racial discrimination and "other cause of actions." Id. The plaintiff adds:

1) Keith Posely - 2020-2024
2) Alfredo Balmaseda – District Controller
3) Willie Heinzs – Head. Sec. 8. Housing Authority
4) Jeff Flemmings – Administrator
5) Boyce C. Logan

3

> Note: 2023. According to Jan[u]ary Request for Proposal Ret. H.A.C.M was responsible for 42. million in vouchers.
>
> Note: Racketeering: is a set of Illegal activities aim at commercial profit that may be disguised as legitimate business deals. Racketeering is defined by coordinated Effort by multiple people to repeatedly Earn a profit, by fraud, extortion, bribery, threats or other means.

Id. at 19.

The next two pages of the filing are additional pages from this court's prior orders. Id. at 20-21. Page 22 of the filing, which is page 2 of the amended complaint form, contains the following allegations:

> 1) Keith Posely – He violated my children right to go to school Because of fraud, Theif after school programs that were cancel Because of his Theif.
> 2) Alfredo Balmaseda; Keith Posely could Not have done this without the controller – the money man! King pin.
> 3) Willie Heinz: None of this Fraud could Have Happen without the Head, man.
> 4) Jeff flemmings = also responsible for HACM 42. million vouchers.
> 5) Royce Logan, withHeld Funding to MPS. Violation in Head Start.

Id. at 22. Page 23 of the filing, which is page 4 of the amended complaint form, explains that the plaintiff is seeking "20, million to Reopen the Boy's, Girl's, schools, fund after school Programs – Football, Basketball, Track, Educational Study halls, Etc." Id. at 23. He asks for punitive damages and a restraining order on "all above." Id. Page 24 of the plaintiff's filing, which is page 5 of the amended complaint form, contains the plaintiff's signature and a handwritten instruction to "investigate the following drug trafficking, dealing- Fentanyl little kids." Id. at 24.

4

The final three pages of the filing include a handwritten "response." Id. at 25-27. It is not clear whether the plaintiff intended this "response" to supplement the pages that he included from the amended complaint form. Regardless, the response includes general allegations about the impact on the community of closing Boys and Girls Clubs, after school programs, little league, softball and track and field events. Id. at 25. The plaintiff argues that without these programs, youth do not have the same opportunities to compete in college and have nothing to deter them from a life of crime. Id. He talks about the "killing of Black education and culture," and ends with a "note" explaining that "this is a racial discrimination against Black youth of the City of Milwaukee with a sorted effort to suppress Black youth to destroy there future." Id. at 27.

## III. Analysis

The court gave the plaintiff an opportunity to amend his complaint to state a claim, provided the plaintiff with an amended complaint form and told him what he needed to include in the allegations. Dkt. No. 5. The amended complaint still fails to state a claim. The plaintiff did not file the first page of the amended complaint form—the page with a caption and list of defendants—as instructed by the court. Several of the pages name individuals, but for a defendant to be liable under §1983, the plaintiff must allege sufficient facts to show that that particular defendant caused or participated in a constitutional deprivation. Matz v. Klotka, 769 F.3d 517, 528 (7th Cir. 2014) (explaining that a "plaintiff must allege that each defendant was personally involved in the

5

deprivation of a constitutional right.") Merely naming or identifying an individual is insufficient to state a claim. Collins v. Kibort, 143 F.3d 331, 334 (7th Cir. 1998).

As the court explained in its previous order, Fed. R. Civ. P. 8(a) requires the plaintiff to plead facts sufficient to notify the defendants of the allegations against them and to give them a reasonable opportunity to form an answer. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). The Seventh Circuit Court of Appeals has consistently emphasized that the essential function of a complaint under the civil rules is to put the defendant on notice of the plaintiff's claim. Ross Brothers Constr. Co., Inc, v. Int'l Steel Serv., Inc., 283 F.3d 867, 872 (7th Cir. 2002), quoting Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). The plaintiff's complaint does not provide this notice. He never explains what the Milwaukee Public School System or Milwaukee Parks and Recreation—the two named defendants—did to violate the law. He says that something happened between 2020 and 2024, but he never alleges what specific actions taken by named defendants or other individuals violated his rights or violated federal law. At one point, the plaintiff references HACM and "42 million in vouchers" but the court has no idea if he is suggesting that 42 million was earmarked for the schools or parks, or if that was an amount that was misappropriated, stolen or misused and, if so, who did it. In addition to seeking 20 million dollars in damages, the plaintiff asks for a restraining order but never explains what ongoing actions that he is seeking to enjoin.

6

The plaintiff's "response" was filed along with the amended complaint but does not provide any factual basis to support claims under the civil rights act, racketeering or racial discrimination statutes, or claims under state law such as fraud or theft.

The court will dismiss the amended complaint for failure to state a claim, and will dismiss the case.

## IV. Conclusion

The court **FINDS t**hat the plaintiff's amended complaint fails to state a claim.

The court **ORDERS** that the case is **DISMISSED** for failure to state a claim upon which this federal court can grant relief. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend the deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in this court. See Fed. R. App. P. 24(a)(1).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects the plaintiff to closely review all applicable rules and determine, what, if any, further action is appropriate.

Dated in Milwaukee, Wisconsin this 9th day of September, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

8

Case 2:25-cv-00106-PP   Filed 09/09/25   Page 8 of 8   Document 7